ALAN F. BRUDER AND MARY J. BRUDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bruder v. Commissioner
Docket No. 8636-88
United States Tax Court
T.C. Memo 1989-328; 1989 Tax Ct. Memo LEXIS 330; 57 T.C.M. (CCH) 873; T.C.M. (RIA) 89328; July 11, 1989
*330 After receiving an extension of time within which to file, petitioners deposited their 1983 Federal income tax return in the United States mail sometime after April 19, 1984. Their return was never received. Held: Petitioners did not file a Federal income tax return for 1983, and respondent's notice of deficiency is not barred by the statute of limitations. Alan C. Applebaum, for the petitioners. Thomas M. Rath, for the respondent. *332 WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: By statutory notice dated February 3, 1988, respondent determined a deficiency in petitioners' 1983 Federal income tax in the amount of $ 163,208. Respondent also determined an addition to tax pursuant to section 6651(a)(1) [1] in the amount of $ 40,799 and an addition to tax pursuant to section 6661 in the amount of $ 40,802. The sole issue is whether petitioners filed a Federal income tax return for 1983 so as to begin the period of limitations on assessment prescribed by section 6501(a). FINDINGS OF FACT Some of the facts are stipulated and are so found. The stipulation and attached exhibits are incorporated by this reference. At the time they filed their petition, petitioners were residents of Mt. Clemens, Michigan. Petitioners engaged Robert Bachman (Bachman), a certified public accountant, to prepare their 1983 Federal and state income tax returns. Bachman prepared *333 these returns and mailed them to petitioners for their signatures on April 13, 1984. Sometime between April 14 and April 16, petitioners sent both returns back to Bachman for changes. On April 16, 1984, Bachman prepared and filed on petitioners' behalf a Form 4868, "Application for Automatic Extension of Time to File U.S. Individual Income Tax Return," which gave petitioners until August 15, 1984, to file their 1983 returns. Petitioners' Form 4868 was processed by the Internal Revenue Service Center in Cincinnati, Ohio, on April 29, 1984. Bachman made the requested changes to petitioners' Federal and state returns and mailed the revised returns back to petitioners on April 19, 1984. These returns were received and reviewed by petitioners, and signed by them on April 24, 1984. Within the next two days or so, petitioner Alan F. Bruder (Bruder) took both returns to the United States Post Office on Van Dyke Street in Detroit, Michigan. Bruder gave both returns to the postal clerk and paid the required postage. The postal clerk affixed the postage onto the packages containing the returns, and deposited the packages in the United States mail. Petitioners' 1983 Michigan income tax *334 return was received by the Michigan Department of Treasury on April 26, 1984. On January 4, 1985, respondent's Collection Branch at the Cincinnati Service Center sent petitioners a form letter informing them that their 1983 Federal income tax return had not been received. On April 15, 1985, Bachman sent an unsigned copy of petitioners' 1983 Federal income tax return to the Collection Branch at the Cincinnati Service Center, where it was received on April 26, 1985. On May 20, 1985, respondent sent a letter to petitioners requesting that they sign a declaration stating that the unsigned copy of the 1983 return was in fact petitioners' 1983 return. Petitioners did not return this declaration to respondent, whereupon the unsigned copy of petitioners' 1983 return was stamped "NO REPLY" and forwarded to respondent's mail unit at the Cincinnati Service Center, where it was received on August 9, 1985. As reflected on respondent's Form 2866, "Certificate of Official Record," to which the parties have stipulated, respondent has no record that petitioners' original signed 1983 Federal income tax return was ever received. OPINION Section 6501(a) provides that respondent shall assess *335 any tax within 3 years after the return is filed. Petitioners argue that their 1983 Federal income tax return was filed sometime shortly after April 24, 1984, and that respondent's notice of deficiency, dated February 3, 1988, was too late to toll the running of the statute of limitations pursuant to section 6503(a)(1). Petitioners, citing section 7502(a), argue that their return was filed upon mailing. Respondent argues that section 7502(a) is inapplicable, as petitioners have not proven that their return was ever delivered. It is therefore respondent's position that petitioners did not file a return for 1983 and the tax for that year may be assessed at any time. Sec. 6501(c)(3). Section 7502(a) provides in effect that if a return is deposited within the prescribed time for filing in the mail, but is delivered by United States mail to the appropriate Internal Revenue office after the date prescribed for its filing, the date of the U.S. postmark stamped on the envelope in which the return is mailed is deemed to be the date the return is filed. . Section 7502(a) is inapplicable unless the document at issue is *336 actually delivered by United States mail to the agency, etc., with which it is required to be filed. Sec. 301.7502-1(d)(1), Admin. and Proced. Regs. In cases where section 7502(a) does not apply, the risk of nondelivery is on petitioners. . In , we held that section 7502(a) and (c) [2] did not displace the common law presumption that a properly mailed document is deemed to be delivered and received by the person to whom it was addressed. slip opinion at 798, and cases cited therein. In that case, "Respondent made no effort * * * to rebut the presumption that a properly mailed envelope is delivered in the due course of the mails; he failed to offer any evidence of his own records or record-keeping procedures to support his claim that he did not receive petitioner's return." slip op. at 801. *337 In this case the record contains a Certificate of Official Record with respect to petitioners which reflects that respondent has no record of having received petitioners' return. However, respondent has not shown, and did not attempt to show, that petitioners' return must have been lost by the Postal Service and was not received in the Cincinnati Service Center and thereafter lost by respondent between the time of its receipt and the time it would have been recorded if not so lost. We need not decide in this case if that certificate, without more, rebuts the presumption recognized in Estate of Wood, as the Sixth Circuit, to which this case is appealable and by whose precedent we are bound, [3] has held that there is no such presumption. . In Miller, the taxpayer attempted to establish that he filed claims for refund by presenting evidence of timely mailing in the form of an affidavit from his former attorney who actually mailed the *338 refund claims. The taxpayer argued that section 7502 was intended to be a safe harbor "creating two exceptions to the physical delivery rule the taxpayer can rely on without question, while not barring him from relying on other exceptions created by the courts." . However, relying upon , cert. denied , [4] the court held that section 7502 created the only exceptions to the rule of actual physical delivery. As the taxpayer could provide no proof of actual physical delivery, the court affirmed the district court's dismissal of his complaint for lack of subject matter jurisdiction. In this case the burden of proof is upon petitioners and they are not assisted in that burden by any presumption of delivery. Since petitioners have not proven actual physical delivery, on the authority of Miller we hold that they filed no Federal income tax return for 1983. Decision will be entered for the respondent. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 7502(c)(1) states that when a document is mailed by registered mail, its registration shall constitute prima facie evidence of delivery, and the date of registration shall be deemed the postmark date. Section 7502(c)(2) gives the Secretary of the Treasury authority to promulgate legislative regulations to provide the extent to which the rules with respect to registered mail will apply to certified mail. See sec. 301.7502-1(c)(2), Admin. and Proced. Regs. Petitioners do not argue that section 7502(c) is applicable.↩
3. See , affd. , cert. denied .↩
4. See also .↩