Nick L. **SUROWKA** and Christine L. Surowka, Plaintiffs–Appellants,

v.

**UNITED STATES of America,** Defendant–Appellee.

No. 89–1954.

United States Court of Appeals, Sixth Circuit.

Submitted May 8, 1990.

Decided June 11, 1990.

Joseph Falcone, Southfield, Mich., for plaintiffs-appellants.

Daniel M. Houlf, Trial Atty., U.S. Dept. of Justice, Tax Div., Washington, D.C., Ellen Christensen, U.S. Attorney's Office, Detroit, Mich., Gary R. Allen, Acting Chief, Kevin M. Brown, Kenneth L. Greene, Joel A. Rabinovitz, U.S. Dept. of Justice, Appellate Section, Tax Div., Washington, D.C., for defendant-appellee.

Before: KENNEDY and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

RYAN, Circuit Judge.

Plaintiffs filed suit to recover the taxes, interest, and penalties imposed for failing to file a 1977 federal income tax return, a return plaintiffs claim was timely filed. The district court granted summary judgment for the government, holding that plaintiffs failure to send their return by registered mail, 26 U.S.C. § 7502 (1989), precluded them from relying upon circumstantial evidence to prove that their 1977 federal income tax return was timely filed. Plaintiffs appeal.

We hold 26 U.S.C. § 7502 provides only two exceptions to the physical delivery rule for the filing of tax returns and that a taxpayer cannot invoke the judicially-created presumption that properly mailed material is received. *Miller v. United States,* 784 F.2d 728 (6th Cir.1986). We affirm the district court's summary judgment.

### I.

On June 7, 1988, plaintiffs filed suit to recover the federal income tax, interest, and penalty wrongfully assessed and collected in 1985 for the 1977 tax year pursu-

---

ant to 28 U.S.C. § 1346(a)(1) (1990). Plaintiffs claimed they first received notice in March 1985 that the Internal Revenue Service had no record of their 1977 tax return. Plaintiffs claimed they timely filed a joint income tax return for 1977 and paid the amount due, $3,630.73. Plaintiffs produced a copy of the 1977 return and a copy of a page from their savings account records which showed a withdrawal of $3,630.73 on April 4, 1978. The IRS treated the copy of the 1977 tax return as an original return and on December 20, 1985, after giving notice of its intention to levy on plaintiffs' property, seized $10,843.06 from plaintiffs' bank accounts to pay the taxes, interest, and penalties due.

Plaintiffs contend, by deposition testimony, that the 1977 joint tax return together with a cashier's check in the amount of $3,630.73 was timely mailed to the IRS. Plaintiffs did not have a copy of the certified check and the bank's records have since been destroyed. Plaintiffs' return was not mailed by certified or registered mail.

IRS records indicate that the IRS did not receive a 1977 tax return from plaintiffs and that the IRS sent four notices from 1978 to 1980 demanding that a tax return with payment be filed. Plaintiffs claim IRS record keeping was flawed because of a computer glitch and that they never received the four notices.

The district court framed the issue as follows: "[W]hether Plaintiffs may bring forth circumstantial proof that their 1977 tax return was filed." Following the Sixth Circuit case of *Miller v. United States,* 784 F.2d 728 (6th Cir.1986), the district court held that filing under the internal revenue code requires both delivery and receipt and that only two exceptions to that physical delivery rule are set forth in 26 U.S.C. § 7502.

Section 7502 provides, in pertinent part:

**(a) General rule.—**

(1) **Date of delivery.**—If any return, ... required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, ... is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, ... or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

. . . .

**(c) Registered and certified mailing.—**

(1) **Registered mail.**—For purposes of this section, if any such return, ... or payment, is sent by United States registered mail—

(A) such registration shall be prima facie evidence that the return, ... or other document was delivered to the agency, officer, or office to which addressed, and

(B) the date of registration shall be deemed the postmark date.

(2) **Certified mail.**—The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail.

26 U.S.C. § 7502 (1989).

The district court explained that the first exception, section 7502(a)(1), applied when the document was timely mailed but received by the IRS after the expiration of the statutory period, and the second exception, section 7502(c), applied when the document was sent by registered or certified mail. The court concluded that neither exception applied to plaintiffs' situation because plaintiffs' tax return was never received by the IRS and plaintiffs admittedly did not mail the tax return by registered mail.

The district court rejected plaintiffs' attempts to prove by circumstantial evidence that their 1977 tax return was timely filed. The court explained:

The exception embodied in section 7502 and the cases construing it demonstrate

a penchant for an easily applied, objective standard. Where, as here, the exception of section 7502 is not literally applicable, courts have consistently rejected testimony or other evidence as proof of the actual date of mailing. (Quoting *Deutsch v. Commissioner of Internal Revenue,* 599 F.2d 44, 46 (2d Cir.1979), *cert. denied,* 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980)) (citations omitted).

And,

While the result may be harsh, since Plaintiffs did not send their return registered they are precluded from setting forth circumstantial proof that their 1977 tax return was filed.

## II.

On appeal, plaintiffs claim delivery of their 1977 joint income tax return can be proved by means other than those set forth in section 7502. That is, plaintiffs contend that the registered or certified mail exception set forth in section 7502 is not the only method to prove the delivery of a "lost" tax return.

In *Miller v. United States,* 784 F.2d 728 (6th Cir.1986), this court addressed the very same issue although in a slightly different context. In *Miller,* the taxpayer sought a refund for the $53,663 paid in deficiency assessments for certain business losses disallowed by the IRS. The taxpayer alleged he timely mailed the claim for refund but the IRS had no record that the claim was received. The district court in *Miller* dismissed the taxpayer's suit on jurisdictional grounds because the taxpayer's claim for refund was never filed with the IRS, a necessary prerequisite to federal court jurisdiction, 26 U.S.C. § 7422(a) (1989). The court explained that the filing of a claim for refund requires that the claim be delivered and received. 784 F.2d at 730. The court then analyzed the two statutory exceptions to the "physical delivery rule" set forth in section 7502 and concluded:

Because plaintiff's claim was never *received* by the I.R.S. and because it was not sent by registered mail, the exceptions in section 7502 do not apply to the filing of his refund claim.

784 F.2d at 730. (Emphasis in original.)

In *Miller,* the taxpayer attempted to invoke the judicially-created presumption that material properly mailed is deemed received. The *Miller* court held that the only two exceptions to the physical delivery rule are the statutory exceptions in section 7502:

The exception embodied in section 7502 and the cases construing it demonstrate a penchant for an easily applied, objective standard. *Where, as here, the exception of section 7502 is not literally applicable, courts have consistently rejected testimony or other evidence as proof of the actual date of mailing.*

784 F.2d at 731 (quoting *Deutsch,* 599 F.2d at 46) (citations omitted) (emphasis added).

Plaintiffs argue that the recent tax court decision in *Estate of Wood v. Commissioner of Internal Revenue,* 92 T.C. 793 (1989) allows them to prove timely filing of their return by extrinsic evidence. We disagree.

First, the tax court in *Wood,* unlike this court in *Miller,* found the judicially-created presumption, that proof of a properly mailed document is received, applied in section 7502 cases. 92 T.C. at 798–99. Further, the tax court's holding in *Wood* that section 7502(c) creates a "safe harbor" for taxpayers who file by registered or certified mail was rejected by this court in *Miller,* 784 F.2d at 731. More importantly, the tax court in *Bruder v. Commissioner,* 57 T.C.M. 873 (1989), held that *Wood*'s presumption of delivery did not apply to cases appealable to the Sixth Circuit because, in *Miller,* the Sixth Circuit rejected the applicability of any such presumption and held that section 7502 creates the only exceptions to the physical delivery rule. 57 T.C.M. at 874.

## III.

We hold that the only exceptions to the physical delivery rule for the filing of tax returns are contained in section 7502 and that the statutory exceptions do not apply to this case. *Miller,* 784 F.2d at 731. The

IRS did not receive plaintiffs' 1977 tax return, section 7502(a)(1), and plaintiffs did not send their tax return by registered or certified mail, section 7502(c). Therefore, we AFFIRM the district court's grant of summary judgment.