LUTHER JOSEPH & KATHLEEN BIERY MILLS, Petitioners v COMMISSIONER OF INTERNAL REVENUE, Respondent
Mills v. Comm'r
Docket No. 17790-89 United States Tax Court
T.C. Memo 1991-31; 1991 Tax Ct. Memo LEXIS 51; 61 T.C.M. (CCH) 1737; T.C.M. (RIA) 91031; January 28, 1991, Filed *51 Decision will be entered under Rule 155. Luther Joseph Mills, pro se. John Boyle, for the respondent. DINAN, Special Trial Judge. DINAN
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
In separate statutory notices of deficiency for each taxable year dated April 18, 1989, respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Additions to Tax - Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
1984
$ 3,121.01
$ 780.25
$ 156.05
*
1985
$ 3,873.99
$ 968.50
$ 193.70
**
Petitioners originally filed this case as a small tax case. Prior to the trial of the case, petitioners orally moved to remove the case from the small tax case category. Respondent did not object. The Court granted petitioners' motion to remove the small tax case designation and heard it as a regular *52 case. See Rule 172(c). Concessions having been made by the parties, the issues remaining for decision are: (1) Whether respondent's determination with respect to 1984 is barred by the statute of limitations; and (2) whether petitioners are entitled to deduct a home mortgage interest expense of $ 13,000 for the 1985 taxable year. Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated by this reference. Petitioners resided in Delaware, Ohio, at the time they filed their petition. For convenience, we have combined our findings of fact and opinion by issue. The first issue for decision is whether respondent's statutory notice of deficiency for the 1984 taxable year is barred by the 3-year period of the statute of limitations as set forth in section 6501(a). Petitioners Luther *53 and Kathleen Mills (petitioners) filed a joint Federal income tax return for the taxable year 1984. Petitioners obtained an extension allowing them until October 15, 1985, to file their return for 1984. On December 16, 1986, respondent's agent sent petitioners an information document request seeking information regarding their 1984 taxable year. On April 16, 1987, petitioners responded by mailing a copy of their 1984 Federal income tax return to the Internal Revenue Service Center in Cincinnati, Ohio. The Cincinnati Service Center had no record of having received a 1984 return from petitioners. It treated the copy of the 1984 return as an original and stamped the return: "Received April 20, 1987." The return bears a copy of petitioner Luther Mills' signature with the date "10/15/85" immediately following it. Additionally, the return bears original signatures of petitioners Luther and Kathleen Mills, and the date "3/28/87," underneath petitioner Luther Mills' signature. On April 18, 1989, respondent mailed a statutory notice of deficiency to petitioners with respect to their 1984 taxable year. Petitioners argue that they timely filed their 1984 Federal income tax return on *54 October 15, 1985, and that respondent's statutory notice of deficiency, dated April 18, 1989, was too late to toll the running of the period of limitations pursuant to section 6501(a). Petitioners argue that if the Cincinnati Service Center had not received petitioners' 1984 return, it would have asked for the return in the December 16, 1986, information document request. Respondent, on the other hand, contends that petitioners have not proven that their 1984 return was filed on October 15, 1985. It is respondent's position that petitioners' 1984 return was not received until April 20, 1987; therefore, the statutory notice of deficiency was timely sent. Petitioners bear the burden of proving that the statutory period under section 6501(a) had expired. Espinoza v. Commissioner, 78 T.C. 412, 421 (1982). In general, section 6501(a) imposes a 3-year limitation on the assessment of tax, beginning with the date the return is filed. A return is generally deemed "filed" when it is physically delivered to that office of respondent where the return is due to be filed. Hotel Equities Corp. v. Commissioner, 546 F.2d 725 (7th Cir. 1976), affg. 65 *55 T.C. 528 (1975); Phinney v. Bank of the Southwest National Association, 335 F.2d 266 (5th Cir. 1964); Pace Oil Co. v. Commissioner, 73 T.C. 249 (1979). Section 7502(a) provides that if a return in an envelope which is timely postmarked is delivered by the United States mail to the IRS office where the return is required to be filed after the date prescribed for its filing, the date of the U.S. postmark stamped on the envelope in which the return is mailed is deemed to be the date the return is filed. Section 7502(a) is inapplicable unless the document at issue is delivered by the United States mail to the agency, etc., with which it is to be filed. Sec. 301.7502-1(d)(1), Proced. & Admin. Regs. See Bruder v. Commissioner, T.C. Memo 1989-328. For a taxpayer to avoid the risk of his return not being delivered to the IRS, section 7502(c) provides that if a return is sent by U.S. registered or certified mail, the registration or certification is prima facie evidence that the return was delivered to the IRS office to which addressed. See section 301.7502-1(d)(1), Proced. & Admin. Regs. Here, petitioners did not mail their *56 1984 return by registered or certified mail; therefore, they assumed the risk of nondelivery of their return to the IRS. Walden v. Commissioner, 90 T.C. 947, 952 (1988). In Estate of Wood v. Commissioner, 92 T.C. 793 (1989), affd. 909 F.2d 1155 (8th Cir. 1990), this Court held that section 7502(a) and (c) did not displace the common law presumption that a properly mailed document is deemed delivered and received by the person to whom it is addressed. Estate of Wood v. Commissioner, supra92 T.C. at 798-799, and cases cited therein. The Sixth Circuit Court of Appeals, to which an appeal in this case would lie, has held in Surowka v. United States, 909 F.2d 148 (6th Cir. 1990), that the only exceptions to the physical delivery rule for the filing of returns are contained in section 7502 and that the presumption of delivery of a return and proof of it by circumstantial or extrinsic evidence is not applicable. Surowka v. United States, 909 F.2d at 150. See also Miller v. United States, 784 F.2d 728 (6th Cir. 1986). Since this case is appealable to *57 the Court of Appeals for the Sixth Circuit, the result in this case is controlled by Surowka. Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). In this case, petitioners failed to prove the exceptions to the physical delivery rule for the filing of a return contained in section 7502. Petitioners are not entitled to a presumption of delivery. We therefore find that petitioners mailed their 1984 return to the Cincinnati Service Center on April 16, 1987, and that it was received on April 20, 1987. Accordingly, respondent's statutory notice of deficiency mailed to petitioners on April 18, 1989, was timely. The final issue for decision is whether petitioners are entitled to deduct a home mortgage interest expense of $ 13,000 for the 1985 taxable year. On Schedule A, attached to their 1985 Federal income tax return, petitioners claimed a home mortgage interest expense in the amount of $ 13,000. Respondent, in his statutory notice of deficiency, disallowed this deduction on the ground that it was unsubstantiated. Deductions are a matter of legislative grace, and petitioners have the burden of establishing that *58 they are entitled to the deductions claimed on their Federal income tax return. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 78 L. Ed. 1348, 54 S. Ct. 788 (1934); Rule 142(a). At trial, petitioners did not provide us with any records which would show that they were entitled to a home mortgage interest expense of $ 13,000. Since petitioners were unable to substantiate their claimed interest expense, respondent's determination on this issue is sustained. To reflect the foregoing and the concessions made by the parties, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on $ 1,938.32 ↩
**. 50% of the interest due on $ 2,022.00↩