Albert W. SADLER, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. C-1-93-317.

United States District Court,
S.D. Ohio,
Western Division.

May 11, 1994.

Paul Brent Calico, Strauss & Troy, Cincinnati, OH, for plaintiffs.

Jan Martin Holtzman, Dept. of Justice, Cincinnati, OH, Leslie M. Singer, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on the Defendant's Motion for Summary Judgement (doc. 10), the Plaintiffs' Response (doc. 11), and the Defendant's Reply (doc. 14). A hearing was held on this matter on April 28, 1994.

## BACKGROUND

The Plaintiffs in this case claim that they are entitled to a refund of taxes overpaid for the year 1987. The alleged overpayment was made by virtue of excess federal tax withholding. Under 26 U.S.C. § 6511(a) a claim for refund must be filed either within three years from the time the original tax return was filed or within two years of the time the tax was paid. In this case, as the 1987 return was due no later than April 15, 1988, the Plaintiffs had until April 15, 1991 to file their return. Under 26 U.S.C. § 6402(a) a tax return reflecting an overpayment constitutes a claim for refund. The Plaintiffs claim that they timely filed their 1987 return reflecting the excess withholding and that such constitutes a timely claim for refund for that year. The Defendant has moved for summary judgment claiming that there is no evidence that the Plaintiffs timely filed their 1987 income tax return and claim for refund.

The Plaintiffs allege that evidence exists that the Internal Revenue Service ("IRS") was in fact in possession of the 1987 return within the statutory time period and thus there is proof that the return was timely filed. The Defendant claims, on the other hand, that the only method of establishing timely filing other than physical delivery are the two "Mail Box Rule" exceptions as enunciated in *Surowka v. United States,* 909 F.2d 148, 149–150 (6th Cir.1990) (date of postmark or date of registered or certified mailing constitute prima facie evidence of delivery on date of such registration or postmark) and *Miller v. United States,* 784 F.2d 728, 730 (6th Cir.1986) (same). *See* 26 U.S.C. § 7502. The Defendant contends that there is no such postmark or registered or certified mail receipt, and thus the Plaintiffs have no evidence of timely filing.

The Plaintiffs claim that, for various reasons, the "Mail Box Rule" does not apply, and thus, they may prove the date of delivery via evidence other than certified or registered mail receipts. Finally, the Defendant claims that even if the "Mail Box Rule" does not limit the evidence admissible in this case, the Plaintiffs have failed to established by any other evidence that a genuine issue of material fact exists. For the following reasons, we conclude that the Defendant is entitled to summary judgement as a matter of law.

## STANDARD OF REVIEW

The narrow question that we must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court elaborated upon the appropriate standard in

deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Id.* at 321, 106 S.Ct. at 2551–52; *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405 (6th Cir.1992); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *Guarino,* 980 F.2d at 405.

■ As the Supreme Court stated in *Celotex,* the non-moving party must "designate" specific facts showing there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Guarino,* 980 F.2d at 405. Although the burden might not require the non-moving party to "designate" facts by citing page numbers, " 'the designated portions must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.' " *Guarino,* 980 F.2d at 405 (quoting *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990)).

■ Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir.1990).

## ANALYSIS

The Defendant claims that this case should be dismissed because there is no evidence that the Plaintiffs filed a return or a claim for refund within the specified time period. The Government further contends that the Plaintiffs alleged evidence that the IRS in fact had possession of the 1987 return within the specified time period is not admissible because it is not evidence falling within the two "Mail Box Rule" exceptions set out in *Miller, Surowka* and 26 U.S.C. § 7502.

According to the Government, under *Miller, Surowka* and 26 U.S.C. § 7502, short of timely physical delivery of a return, the only proof allowed to establish that a return was timely filed is proof that a return was timely sent by registered or certified mail or timely postmarked. The Government contends that those are the only exceptions and that testimony or other evidence as proof of timely filing are inappropriate.

The Plaintiffs claim that that rule does not apply in this case. According to the Plaintiffs, the "Mail Box Rule" is only applicable in cases where a claim or return is not actually received by the IRS. In this case the Plaintiffs claim they are not seeking to invoke the presumption of timely delivery under the "Mail Box Rule" because the return was actually received by the IRS. The Plaintiffs claim that they only seek to establish the date of filing, and thus, the "Mail Box Rule" does not apply and extrinsic evidence of timely filing is appropriate.

After careful consideration, we conclude that we need not reach the question presented above regarding the applicability of the "Mail Box Rule" in this case. We conclude that even assuming that the mail box rule does not apply, the Plaintiffs have failed to point to evidence in the record establishing a triable issue of fact that the return was filed within the applicable time limit.

■ The Plaintiffs claim that they can establish that the 1987 return was filed within time based on certain testimony. According to the Plaintiffs, Mr. Sadler's affidavit, as well as the deposition testimony of IRS Agent Barry Breen, constitute sufficient evi-

dence to submit to the trier of fact. We disagree.

Agent Breen testified in his deposition that when an agent conducts an audit, the agent looks at the returns for the year subsequent and the year prior to the year being audited. The Plaintiffs claim that Agent Breen conducted an audit of the Plaintiffs' 1986 returns and thus he must have looked at the 1987 return. Consequently, the Plaintiffs claim, as Agent Breen looked at the 1987 return it must have been filed, at the latest, by the time of the audit in 1988, and was therefore timely.

Agent Breen, however, testified that he was auditing the year 1985, and thus looked at the years 1984 and 1986. 1987 would not have been routinely audited as it was not the subsequent year. Additionally, Agent Breen has no recollection of looking at the 1987 return. There is thus no evidence in Agent Breen's deposition which could support a reasonable jury verdict for the Plaintiff.

Furthermore, Mr. Sadler claims in his affidavit that Agent Breen discussed information which was contained in the 1987 return. The Plaintiffs reason that Agent Breen must have had the 1987 return in order to have had that information. As the Government points out, however, even if Agent Breen did have information contained in the 1987 return, there is no evidence that the return was signed or dated, and thus ever filed, much less that it was timely filed. Finally, the only filed return for 1987 in the record is signed and dated July 23, 1991, which is beyond the three year time limit.

As the United States Supreme Court has observed, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512. In this case, even assuming that the "Mail Box Rule" does not bar extrinsic evidence, the Plaintiffs have not produced sufficient evidence to defeat the Defendant's motion for summary judgement. The Court therefore concludes that the Defendant is entitled to summary judgment in this case.

## CONCLUSION

Accordingly, for the forgoing reasons, we hereby GRANT the Defendant's Motion for Summary Judgement, and this action is DISMISSED.

SO ORDERED.