T.C. Memo. 1998-328

UNITED STATES TAX COURT

EMIL FANKHAUSER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11192-95.                    Filed September 21, 1998.

<u>Kenneth J. Freeman</u>, for petitioner.

<u>Carol A. Szczepanik</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year 1993.  Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1993 Federal income tax in the amount of $4,422, an addition to tax under section 6651(a) in the amount of $3, and an accuracy-related penalty under section 6662(a) in the amount of $884.

The issues for decision are: (1) Whether petitioner is entitled to a deduction for a loss from an S corporation; and (2) whether the understatement, if any, of tax required to be shown on petitioner's 1993 Federal income tax return was due to his negligence or disregard of rules or regulations. The resolution of the first issue depends upon whether a valid S corporation election was filed by the corporation to which the loss is attributable.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner filed an untimely Federal income tax return for the year 1993, on May 6, 1994. At the time the petition was filed, he resided in Westlake, Ohio.

In 1992 petitioner established and incorporated under Ohio law Fankhauser Management, Inc. (Management). Petitioner was the sole shareholder of Management during all relevant periods. Management was formed in order to operate a teenage activity center. Although there is conflicting evidence on the precise date, it appears that the business of Management began in January 1993.

On January 8, 1993, petitioner met with John Herman, a certified public accountant, in Mr. Herman's office. On behalf of Management, Mr. Herman had prepared and signed a Form SS-4, Application for Employer Identification Number. Mr. Herman also prepared a Form 2553, Election by a Small Business Corporation, that was signed by petitioner in his capacity as a consenting shareholder and president of Management. The Form 2553 listed the effective date of the election to be January 2, 1993. Mr. Herman placed both forms in an envelope addressed to respondent's Cincinnati Service Center (the service center) and gave the envelope to petitioner.

Mr. Herman prepared a Form 1120S, U.S. Income Tax Return for an S Corporation, on behalf of Management for the year 1993. After accounting for various items of income and deductions, the return reflected an ordinary loss from business activities in the amount of $16,843. The return was received by the service center on March 10, 1994. In a letter dated April 14, 1994, Management was notified by the service center that the return could not be processed because the Internal Revenue Service had no record of Management's election to be treated as an S corporation. The letter invited Management to forward certain information in order to verify that a timely S corporation election had been filed.

Mr. Herman responded to the letter from the service center in a letter dated May 11, 1994. In his letter Mr. Herman indicated that the Management's S corporation election was

filed with the service center at the same time that the Form SS-4 was mailed.  A copy of the previously prepared Form 2553 was enclosed with this letter.  Mr. Herman also forwarded a letter dated May 9, 1994, that was prepared by petitioner, as president of Management, in response to the letter from the service center. In that letter petitioner represented that the Form 2553 was filed at the same time that the Form SS-4 was filed.

Respondent's records do not indicate that a Form 2553 was received from Management during 1993 with respect to that year. The records do acknowledge that such a form was received on May 17, 1994, but the application was denied.  It appears that the reference in respondent's records to the Form 2553 received in 1994 relates to the copy forwarded to the service center by Mr. Herman with his letter dated May 11, 1994.

The copy of the Form SS-4 received on behalf of Management and retained by respondent indicates that the document was transmitted to the service center via facsimile (fax) on January 14, 1993.  Respondent permits such applications to be made by fax, and an employer identification number was assigned to Management.  Forms 2553 transmitted to respondent by fax are not processed.

On a Schedule E included with his 1993 Federal income tax return, petitioner claimed a $16,843 loss attributable to Management.  In the notice of deficiency, respondent disallowed

the entire loss and provided the following explanation for the disallowance:

> Since we have no record of a valid Small Business Election filed on Form 2553 to elect sub-chapter S, the loss claimed on your Form 1040 has been disallowed for 1993.

Respondent further determined that petitioner was liable for the addition to tax under section 6651(a)(1) because his 1993 return was filed late, and that petitioner was liable for the negligence penalty under section 6662(a).

OPINION

<u>Management's S Election</u>

The dispute between the parties focuses upon whether Management made a timely election to be treated as an S corporation. See sec. 1362. If so, then petitioner properly claimed a loss attributable to Management on his 1993 Federal income tax return. See sec. 1366. If not, then respondent properly disallowed the loss so claimed.

An election to be treated as an S corporation must "be made in such manner as the Secretary shall by regulations prescribe." Sec. 1377(c). Pursuant to section 1.1362-6(a)(2), Income Tax Regs., a corporation elects under section 1362(a) to be treated as an S corporation by filing a Form 2553. Generally, a document is considered filed with the Internal Revenue Service when it is received by that agency. <u>United States v. Lombardo</u>, 241 U.S. 73, 76 (1916).

Direct evidence of actual receipt of a document by the Internal Revenue Service, however, is not always necessary in order to effectuate its filing. We have held that proof that a document was properly mailed gives rise to a presumption that the document was delivered to, and received by, the person to whom it was addressed. Estate of Wood v. Commissioner, 92 T.C. 793, 798 (1989), affd. 909 F.2d 1155 (8th Cir. 1990). This presumption of delivery can operate as a substitute for direct evidence of actual receipt with respect to the filing of a document in situations where the taxpayer can establish that the document has been properly mailed, but the Internal Revenue Service denies having received the document.

Furthermore, with respect to certain documents, including Forms 2553, proof that the envelope that contained the document was properly addressed and sent by registered mail or certified mail constitutes prima facie evidence that the document was delivered and therefore filed. Sec. 7502(c); sec. 301.7502-1(d)(1), Proced. & Admin. Regs.

In situations where the Commissioner denies receipt of a document, the Court of Appeals for the Sixth Circuit, to which an appeal in this case lies, has held that section 7502(c) provides the exclusive means for a taxpayer to establish that the document has been mailed and thereby filed. See Carroll v. Commissioner, 71 F.3d 1228 (6th Cir. 1995), affg. T.C. Memo. 1994-229; Surowka v. United States, 909 F.2d 148 (6th Cir. 1990); Miller v. United

States, 784 F.2d 728 (6th Cir. 1986) (holding that the provisions of section 7502 supersede and extinguish the common law presumption of delivery); accord Deutsch v. Commissioner, 599 F.2d 44 (2d Cir. 1979).  But see Anderson v. United States, 966 F.2d 487 (9th Cir. 1992); Estate of Wood v. Commissioner, 909 F.2d 1155 (8th Cir. 1990) (holding the enactment of section 7502 had no effect on the common law presumption of delivery).

According to petitioner, when he left Mr. Herman's office on January 8, 1993, the Forms 2553 and SS-4 were in a single envelope addressed to the service center.  Petitioner claims that he walked to a nearby U.S. post office and mailed the envelope. The documents were not sent by certified or registered mail. Petitioner argues that because respondent received and processed the Form SS-4, respondent must have received, but misplaced or lost, the Form 2553.

Respondent denies having received an original Form 2553 on behalf of Management during 1993.  Respondent kept no record to establish whether such a form was also received by fax at the time the Form SS-4 was; however, if so the form would not have been processed.  Petitioner does not claim to have faxed the Form 2553 to respondent or argue that transmission by fax was an appropriate way to file such a document.

There are obvious inconsistencies between petitioner's testimony and respondent's records.  Petitioner claims that he mailed the Form SS-4 on January 8, 1993, but respondent's records

indicate the document was received by fax on January 14, 1993. Petitioner claims that he also mailed the Form 2553 on January 8, 1993, but respondent's records indicate that no such document was received in 1993.

Under different circumstances, we would be compelled to resolve these factual disputes. However, there is no need to do so in this case. Because we are bound to follow the above-cited line of cases decided by the Court of Appeals for the Sixth Circuit, Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), petitioner's testimony regarding what he did is not so important as his testimony as to what he did not do; that is, send the Form 2553 by certified or registered mail. Because respondent has denied receipt of the Form 2553 in 1993, and because petitioner did not send that form by certified or registered mail, the form cannot be considered filed. Carroll v. Commissioner, supra; Surowka v. United States, supra; Miller v. United States, supra; Deutsch v. Commissioner, supra. Absent the filing of a valid Form 2553, Management cannot be treated as an S corporation for the year 1993, and petitioner is not entitled to deduct any loss attributable to the corporation. It follows that respondent's adjustment in this regard must be sustained.

Negligence Penalty

Section 6662(a) imposes a penalty in an amount equal to 20 percent of the portion of the underpayment of tax attributable to a taxpayer's negligence or disregard of rules or regulations.

Sec. 6662(a) and (b)(1).  Negligence is defined to include any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code.  Sec. 6662(c).  It is further defined as the failure to do what a reasonable person with ordinary prudence would do under the same or similar circumstances.  Neely v. Commissioner, 85 T.C. 934, 947 (1985).  A taxpayer can avoid the imposition of the negligence penalty by demonstrating that the underpayment of tax was due to reasonable cause and that the taxpayer acted in good faith with respect to the underpayment.  Sec. 6664(c).

Regardless of how Management's Form 2553 was actually transmitted to respondent, we are satisfied that petitioner, in good faith, believed that a valid S election had been made prior to the time that he filed his 1993 return.  Consequently, the imposition of the section 6662(a) negligence penalty is not warranted.

To reflect the foregoing and a concession by petitioner,

Decision will be entered for respondent with respect to the deficiency and the addition to tax under section 6651(a) and for petitioner with respect to the section 6662(a) accuracy-related penalty.