**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0961n.06

No. 12-2555

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Nov 07, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANNIE GAINEY; HARVEY N. GAINEY, SR., | ) ) ) | |
| Petitioners-Appellants, | ) ) | |
| v. | ) ) | ON APPEAL FROM AN ORDER OF THE UNITED STATES TAX COURT |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) ) | |
| Respondent-Appellee. | ) ) ) | |

BEFORE: SILER, COLE, and COOK, Circuit Judges.

PER CURIAM. Annie Gainey and Harvey N. Gainey, Sr. (collectively "the Gaineys"), appeal an order of the United States Tax Court dismissing their case.

On December 15, 2011, the Internal Revenue Service mailed to the Gaineys a notice of deficiency for tax years 2007 and 2008. Under 26 U.S.C. § 6213(a), the Gaineys had until March 14, 2012, to file a petition in the Tax Court for a redetermination of the deficiency. On March 29, 2012, the Gaineys mailed their petition to the court. They argued, however, that they had previously sent the petition to the court by regular mail on March 12, 2012, and that the court should accept their petition as timely on that basis. The Tax Court dismissed the Gaineys' petition for lack of jurisdiction, concluding that it was untimely.

No. 12-2555
*Gainey v. Commissioner*

On appeal, the Gaineys argue that the Tax Court erred by dismissing their petition as untimely because the declarations that they presented established that their attorney originally mailed the petition on March 12, 2012, prior to the expiration of the filing deadline. We review the Tax Court's factual findings for clear error and its legal conclusions de novo. *Greer v. C.I.R.*, 557 F.3d 688, 690 (6th Cir. 2009).

The Tax Court properly dismissed the Gaineys' petition. Because the Tax Court did not receive the petition that was allegedly mailed on March 12, 2012, and the Gaineys did not send it by registered or certified mail, the petition was not timely under the exceptions to the physical delivery rule that are set forth in 26 U.S.C. § 7502. *See* 26 U.S.C. § 7502(a), (c); 26 C.F.R. § 301.7502–1(c)(2). Further, the Tax Court properly declined to consider the Gaineys' evidence that they mailed the petition on March 12, 2012, because the only exceptions to the physical delivery rule that are available to taxpayers are the two set out in § 7502. *See Surowka v. United States*, 909 F.2d 148, 150 (6th Cir. 1990); *Miller v. United States*, 784 F.2d 728, 730-31 (6th Cir. 1986).

Accordingly, we affirm the order of the Tax Court.