**Seth BECKER, Plaintiff,**

v.

**DEPARTMENT OF the TREASURY/INTERNAL REVENUE SERVICE, Defendant.**

**No. 91 Civ. 3876 (JES).**

United States District Court, S.D. New York.

June 10, 1993.

Seth Becker, plaintiff pro se.

Otto Obermaier, U.S. Atty. for S.D.N.Y., New York City for respondent; Sarah Thomas, Asst. U.S. Atty., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

For the reasons that follow, defendant's motion for summary judgment is granted.

### BACKGROUND

On or about April 17, 1989,[1] plaintiff Seth Becker ("Becker") mailed his federal income tax return for the 1985 tax year to the Internal Revenue Service ("IRS") approximately three years after it was due. That late-filed return also served as a request for a refund of $637.00 for income tax erroneously withheld in 1985, Becker Aff. ¶ 2, and was treated by the IRS Service Center as a claim for a

refund. Garger Decl. ¶¶ 5, 6. On May 25, 1989, the IRS Service Center notified Becker that his claim for a refund had been denied because the taxes had been paid more than three years prior to the date Becker filed his refund claim. Garger Decl. ¶ 7. On May 24, 1991, Becker commenced this action for a refund by delivering his complaint to the *Pro Se* Clerk's Office. Memorandum of Law in Support of *Pro Se* Plaintiff's Opposition to Defendant's Motion at 3. The complaint was docketed on June 10, 1991.

### DISCUSSION

The principal issue on this motion for summary judgment is whether Becker timely filed a claim for a refund of 1985 taxes that was first made in 1989 in a late-filed 1985 tax return.

In order for a taxpayer's claim for a refund to be filed timely, that taxpayer must demonstrate, pursuant to 26 U.S.C. § 6511, that the refund claim was filed within three years of the filing of the relevant tax return, or within two years of the date on which the tax was paid, whichever occurs later. 26 U.S.C. § 6511(a). Becker filed his claim for a refund within three years of the filing of the return to which it relates because the claim for a refund was made in the 1985 return which was filed in 1989. *See* 26 C.F.R. § 301.6402–3(a)(5) (1992). Since that date was the later date, the other prong of the § 6511(a) limitation, *i.e.*, that it be made within two years of the date that the tax was paid, has no relevance here.

However, 26 U.S.C. § 6511(b)(2)(A) limits the amount recoverable on a refund claim that is filed within three years of the corresponding return to the amount of the claimed tax that was paid during the three years preceding the claim. 26 U.S.C. § 6511(b)(2)(A). The amount Becker claims was erroneously withheld from his wages during 1985 is, by statute, deemed paid on April 15, 1986, the date that the 1985 tax

---

1. According to the plaintiff's affidavit, plaintiff recollects mailing the return on April 17, 1989. Aff. of Seth Becker ("Becker Aff.") ¶ 3. According to the Government's affidavit, the return was postmarked April 18, 1989. Decl. of Melanie Garger ("Garger Decl.") ¶ 3. After checking the postmark, the Government lost the plaintiff's 1985 income tax return file. Garger Decl. ¶ 10. For purposes of this motion, therefore, the Court considers the date pleaded by the plaintiff as true.

return should have been filed. 26 U.S.C. § 6513(b)(1).[2] Therefore, the claim for a refund had to be made by April 15, 1989. However, since that date fell on a Saturday, the Court will assume for the sake of argument that Becker's claim for a refund would have been timely so long as it was filed by April 17, 1989. 26 U.S.C. § 7503.

The Government and Becker dispute the date on which Becker actually mailed the 1985 return. However, Becker admits that he did not mail the return until April 17, 1989, Becker Aff. ¶ 3, and does not assert that he mailed it in any manner other than by ordinary mail. Therefore, no rational jury could find that the IRS Service Center received the return any earlier than April 18, 1989. It follows that the IRS Service Center could not have received the return until after the three-year limitation period expired, even assuming *arguendo*, that that was not until April 17, 1989.

■ Becker argues that, since he mailed his 1985 tax return on April 17, 1989, it should be deemed filed on that date, pursuant to an Internal Revenue Code provision which states that a return mailed on or before a filing deadline is deemed filed on the postmark date. 26 U.S.C. § 7502. However, it is clear that this exception cannot apply to the filing of Becker's return, which was due on April 15, 1986, since § 7502 applies only when the document is postmarked on or before the *due date* for that return. 26 U.S.C. 7502(a)(2). Becker's 1985 return was not filed on the date it was due, but over three years later. Therefore, the return must be deemed filed when it was actually received by the IRS, which could have been no earlier than April 18, 1989. *United States v. Lombardo*, 241 U.S. 73, 78, 36 S.Ct. 508, 510, 60 L.Ed. 897 (1916); *Phinney v. Bank of Southwest Nat'l Ass'n*, 335 F.2d 266, 268 (5th Cir.1964). For these reasons, Becker's refund claim, filed simultaneously with his 1985 return more than three years after his 1985 taxes were paid, is time-barred.

■ Becker also appears to argue that his claim for a refund should be regarded as separate and apart from the tax return in which it was made and that § 7502(a)(2) should apply to the claim for a refund even if it does not apply to the return in which that claim for a refund was made. However, since the claim for a refund was a part of the tax return, it cannot be deemed to have been filed any earlier than the return itself. Moreover, had Becker filed a claim for a refund separate and apart from his return, he would have had to have sought that refund within two years of the date the relevant taxes were paid, *i.e.*, April 15, 1988, 26 U.S.C. § 6511(b)(2)(B), which he clearly did not do. Having obtained the benefit of a later limitation date only because the claim for refund was part of this late-filed 1985 tax return, he cannot rationally contend that the Court should ignore that fact merely because he should have filed his 1985 return sooner.

### CONCLUSION

Accordingly, for the reasons stated above, defendant's motion for summary judgment shall be and hereby is granted. The Clerk of the Court is directed to close the above-captioned action.

It is **SO ORDERED.**

---

2. Contrary to the Government's assertion in its brief that Becker's taxes should be deemed paid on April 17 because April 15, 1986, was a Saturday, Memorandum of Law in Support of Defendant's Motion at 4, the Court has determined that April 15, 1986 was in fact a Tuesday.