**In re Mark R. SMITH.**

**Mark R. SMITH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 93–33350.**
**Adv. No. 94–3035.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

March 9, 1995.

William Scott O'Brien, Findlay, OH, for debtor.

Robert G. Trusiak, Asst. U.S. Atty., Toledo, OH, Jennifer M. Blunt, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S.

John N. Graham, Trustee, Toledo, OH.

## OPINION AND ORDER DENYING DEBTOR'S MOTION FOR SUMMARY JUDGMENT, GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT AND EXCEPTING DEBTS FROM DISCHARGE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon Mark R. Smith's (the "Debtor") motion for summary judgment in his adversary proceeding which seeks to discharge tax debts owed to the United States of America, Internal Revenue Service, ("IRS") for 1987, 1988, 1989 and 1990. The IRS has also filed a motion for summary judgment, arguing that the Debtor's income tax debts for 1987, 1988, 1989 and 1990 are nondischargeable pursuant to 11 U.S.C. § 523(a)(1). The Court finds that the Debtor's motion is not well taken and should be denied. The Court further finds that the IRS' motion is well taken and should be granted and that the Debtor's tax liabilities for 1987, 1988, 1989 and 1990 should be excepted from discharge.

### FACTS

The Debtor filed a petition under chapter 7 of title 11 on November 23, 1993 (the "Petition Date").

The Debtor admittedly failed to timely file his federal income tax returns for tax years 1987, 1988 and 1989 and 1990. *See* Defendant's Exhibit 1. The IRS has presented copies of the Debtor's tax returns for 1987, 1988 and 1989 which returns are stamped as received by the IRS on November 25, 1991. *See* Defendant's Exhibits, 2, 3, 4. However, The Debtor asserts that he signed his 1987, 1988 and 1989 personal income tax returns on November 21, 1991 and mailed such tax returns to the IRS by Federal Express on November 22, 1991.

### DISCUSSION

### STANDARD FOR SUMMARY JUDGMENT

The Sixth Circuit has stated that:

[s]ummary judgment is appropriate when the moving party shows that there is 'no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed.R.Civ.P. 56(c). There is no genuine issue of material fact when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[ ].' *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

*Dollar Corp. v. Zebedee (In re Dollar Corp.)*, 25 F.3d 1320, 1322 (6th Cir.1994). A non-moving party may not survive a motion for summary judgment merely by " 'show[ing] that there is some metaphysical doubt as to the material facts' ". *In re Dollar Corp.*, 25 F.3d at 1323 (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1355–56).

### APPLICATION OF STANDARD FOR SUMMARY JUDGMENT TO THE INSTANT ADVERSARY

*Applicable Statutory Provisions*

Section 523 of title 11 provides, in relevant part, that:

(a) [a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of

this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

... (ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition[.]

Section 507(a)(7)(A) grants priority to unsecured claims of governmental units for income taxes, to the extent that such claims are:

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition[.]

### Burden of Proof

■ The IRS bears the burden of proof on the issue of dischargeability by the preponderance of the evidence. *Lewis v. United States (In re Lewis),* 151 B.R. 140, 142 (Bankr.W.D.Tenn.1992); *see also Hatchett v. United States (In re Hatchett),* 1993 WL 360670 at *2 (E.D.Mich.1993); *cf. Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (preponderance standard held applicable in actions under 11 U.S.C. § 523(a)).

### Whether the Debtor's 1990 Tax Liability Represents a Dischargeable Debt

The Court finds that the Debtor's 1990 tax liability is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A), which renders priority taxes within the meaning of 11 U.S.C. § 507(a)(8)(A)(i) nondischargeable.

The Debtor's 1990 personal income tax return was last due on April 15, 1991. November 23, 1990 represents the date "three years before the date of the filing of the petition". 11 U.S.C. § 507(a)(8)(A)(i). Therefore, since the Debtor's 1990 personal income taxes were last due "after three years before the date of the filing of the petition", the Debtor's 1990 tax liability is nondischargeable.

### Whether the Debtor's 1987, 1988 and 1989 Tax Liabilities Represent Dischargeable Debts

The Court finds that the Debtor's 1987, 1988 and 1989 tax liabilities are nondischargeable pursuant to § 523(a)(1)(B)(ii), as his tax returns for these years were filed "after two years before" the Petition Date. 11 U.S.C. § 523(a)(1)(B)(ii).

### When the Debtor's 1987, 1988 and 1989 Tax Returns Were Filed

The Court finds that the Debtor's tax returns for 1987, 1988 and 1989 were filed when received by the IRS on November 25, 1991.

■ In determining whether a tax return has been "filed" within the meaning of § 523(a)(1)(B)(ii), this Court shall give the term "filed" its established meaning. *See United States v. D'Avanza,* 132 B.R. 462, 463 (M.D.Fla.1991) (examining the Internal Revenue Code in order to define the word "filed" under the § 523(a)(1)(B)(ii)); *see also Aberl v. United States (In re Aberl),* 159 B.R. 792, 799 (Bankr.N.D.Ohio 1993) (presuming that when Congress used the term "offer in compromise" in 11 U.S.C. § 507(a)(7)(A)(ii) that Congress intended such term to have its established meaning) (citations omitted), *aff'd,* 175 B.R. 915 (N.D.Ohio 1994).

■ Generally, documents are deemed "filed" when " 'delivered and received' " by the IRS (the "physical delivery rule"). *United States v. Miller,* 784 F.2d 728, 730 (6th Cir.1986) (quoting *United States v. Lombardo,* 241 U.S. 73, 76, 36 S.Ct. 508, 509, 60 L.Ed. 897 (1916)) (footnote omitted).

The Sixth Circuit has held that "the only exceptions to the physical delivery rule for the filing of tax returns are contained in [26 U.S.C. § 7502]". *See Surowka v. United States,* 909 F.2d 148, 150 (6th Cir.1990) (citing *Miller* 784 F.2d at 731).

■ In view of the fact that the exceptions to the physical delivery rule contained in 26 U.S.C. § 7502 do not apply in the instant adversary proceeding, the Debtor's tax returns for 1987, 1988 and 1989 are deemed to have been filed when received by the IRS on November 25, 1991. Most importantly, 26

U.S.C. § 7502 does not apply in circumstances where a tax return has been mailed to the IRS on a date after the due date for such return. *See D'Avanza,* 132 B.R. at 463–64 (held that debtor's untimely mailed tax returns were not "filed" until such returns were received by the IRS) (citing *Emmons v. Commissioner,* 898 F.2d 50 (5th Cir.1990)); *see also Emmons,* 898 F.2d at 50 (finding that untimely filed returns were considered filed on the date that such returns were received by the IRS); *Becker v. Dept. of the Treasury/Internal Revenue Service,* 823 F.Supp. 231, 233 (S.D.N.Y.1993) (finding that a tax return mailed after the tax return's due date is deemed filed when received) (citing 26 U.S.C. § 7502). Further, the "mailbox rule" of 26 U.S.C. § 7502 is unavailable to a taxpayer where, as here, that taxpayer has delivered his tax returns to the IRS by a private carrier service rather than the United States Postal Service. *See Petrulis v. Commissioner,* 938 F.2d 78 (7th Cir.1991) (petition for review of tax deficiency which was deposited with private mail carrier service rather than with United States Postal Service did not comply with the "mailbox rule" of 26 U.S.C. § 7502 and was deemed filed when received); *Pugsley v. Commissioner,* 749 F.2d 691 (11th Cir.1985) (finding that "mailbox rule" of 26 U.S.C. § 7502 was inapplicable where taxpayer delivered taxpayer's petition for review of tax deficiency through private mail carrier service rather than United States Postal Service).

**Whether Rule 9006 Alters the Time Parameters Set Forth in 11 U.S.C. § 523(a)(1)(B)(ii)**

■ The Debtor further argues that, since the day which was "two years before the date of the petition" under § 523(a)(1)(B)(ii) fell on a Saturday, Fed.R.Bankr.P. 9006 operates to expand the time during which the Debtor was permitted to tardily file his prior year tax returns while still permitting him to discharge such tax liabilities. Stated differently, the Debtor seeks to utilize Fed.R.Bankr.P. 9006 in order to reduce the two year period during which the Debtor's liability for untimely filed tax debts are excepted from discharge under § 523(a)(1)(B)(ii). The Court disagrees.

The date which falls "two years before the date of the filing of the petition" under § 523(a)(1)(B)(ii) does not represent a filing deadline which can be expanded by Fed.R.Bankr.P. 9006(a).

■ Further, the Court " 'must presume that a legislature says in a statute what it means and means in a statute what it says there' ". *Hill v. Fidelity Fin. Services (In re Hill),* 152 B.R. 204, 205 (Bankr.S.D.Ohio 1993) (quoting *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992)). A court will depart from the literal meaning of a statute only where " 'the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters' ". *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). The Court is convinced that when Congress said "two years before the date of the filing of the petition" in the statute it meant "two years". *Cf. Craddock–Terry Shoe Corp. v. Crestar Bank (In re Craddock–Terry Shoe Corp.),* 91 B.R. 392, 396 (Bankr.W.D.Va.1988) (stating that "[n]inety days means ninety days [in interpreting 11 U.S.C. § 553(b)(1)(B) ]; it should not be stretched to mean ninety days plus part of another day"). Indeed, to adopt the Debtor's argument would be to reduce the period during which certain taxes are nondischargeable, a result demonstrably at odds with the plain import of the statute.

Moreover, the Court shall not presume that the United States Supreme Court intended Fed.R.Bankr.P. 9006(a) to alter the substantive rights granted to the IRS in § 523(a)(1)(B)(ii). *See* 28 U.S.C. § 2075 (stating, in relevant part, that the Federal Rules of Bankruptcy Procedure "shall not abridge, enlarge, or modify any substantive right"); *Deutscher v. O'Neal Steel Corp. (In re Enterprise Fabricators, Inc.),* 36 B.R. 220, 222–24 (Bankr.M.D.Tenn.1983) (declining to construe Fed.R.Bankr.P. 9006(a) as expanding the 90 day preference period contained in § 547(b) as such a construction would imper-

missibly enlarge a bankruptcy trustee's substantive rights under the Bankruptcy Code) (citing 28 U.S.C.A. § 2075); *see also Craddock–Terry Shoe Corp.,* 91 B.R. 392, 396–97 (Bankr.W.D.Va.1988) (finding that Fed. R.Bankr.P. 9006 is inapplicable to calculation of 90 day prepetition time period under § 553(b)(1)(B)); *cf. Martin v. First Nat'l Bank of Louisville (In re Butcher),* 829 F.2d 596 (6th Cir.1987) (held that "the two-year limitations period [contained in 11 U.S.C. § 546(a) ] begins to run on the date of the trustee's appointment and expires twenty four months later, irrespective of whether the last day falls on a Saturday, Sunday, or holiday") (footnote omitted), *cert. denied,* 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988).

In light of the foregoing, it is therefore

ORDERED that the Debtor's motion for summary judgment be, and it hereby is, denied. It is further

ORDERED that the IRS' motion for summary judgment be, and it hereby is, granted. It is further

ORDERED that the Debtor's tax liabilities for tax years 1987, 1988, 1989 and 1990 be, and they hereby are, excepted from discharge.