In re David Lee CONNER, Debtor.

David Lee CONNER, Plaintiff,

v.

INTERNAL REVENUE SERVICE of the Department of the Treasury of the United States of America, Defendant.

Bankruptcy No. 94–33139.
Adv. No. 95–3005.

United States Bankruptcy Court,
E.D. Tennessee.

July 12, 1995.

Dave B. Jordan, Kingsport, Tennessee, for Plaintiff.

Carl K. Kirkpatrick, United States Attorney, Knoxville, Tennessee, Shannon L. Hough, U.S. Department of Justice, Tax Division, Washington, DC, for Defendant.

### MEMORANDUM ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RICHARD S. STAIR, Jr., Chief Judge.

The debtor, David Lee Conner, initiated this adversary proceeding on January 24, 1995, seeking a determination that his federal tax obligations for 1986 through 1990 are not excepted from discharge under 11

U.S.C.A. § 523(a)(1) (West 1993 & Supp. 1995). The Defendant, Internal Revenue Service of the Department of the Treasury of the United States of America (IRS), filed its Answer on March 3, 1995, admitting that the debtor's federal tax obligations for 1986 through 1988 are dischargeable, but averring that the 1989 and 1990 obligations should be excepted from discharge pursuant to 11 U.S.C.A. § 523(a)(1)(B) (West 1993) because the debtor failed to file his 1989 and 1990 tax returns.

The court presently has before it a Motion for Summary Judgment (Motion) filed by the Defendant on June 14, 1995, together with a supporting brief and appended exhibit consisting of a Certificate of Official Record and an original Certificate of Assessments and Payments with respect to David L. Conner for the tax years 1989 and 1990. Based on the argument that the debtor failed to file his tax returns or failed to file his returns prior to December 20, 1992,[1] the IRS seeks summary judgment on the issue of whether the debtor's 1989 and 1990 tax obligations, excluding penalties and interest on penalties,[2] are excepted from discharge under § 523(a)(1)(B)(i) and (ii).[3]

The debtor filed his Response to Defendant's Motion for Summary Judgment (Response) on June 27, 1995, to which an Affidavit of Byron D. Bryant, the attorney who prepared the debtor's 1986 through 1989 tax returns, and an Affidavit of the debtor are appended. The debtor, through his Response and a Joint Pretrial Statement filed by the parties on July 5, 1995, has conceded that his 1990 tax obligation, excepting penalties and interest on penalties, is nondischargeable; therefore, the Defendant's Motion will be granted with respect to the debt-

or's 1990 federal income taxes and interest thereon. With regard to the 1989 tax obligation, the debtor asserts in his Response that he filed his 1989 federal tax return prior to December 20, 1992. All further discussion in this Memorandum will be limited to the debtor's 1989 taxes and interest thereon.

■■■ Pursuant to Fed.R.Civ.P. 56(c), made applicable to this adversary proceeding through Fed.R.Bankr.P. 7056, summary judgment is available only when a party is entitled to a judgment as a matter of law and when, after consideration of the evidence presented by the pleadings, affidavits, answers to interrogatories, and depositions in a light most favorable to the nonmoving party, there remain no genuine issues of material fact. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. The factual dispute must be genuine. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989).

■■■ The IRS argues that the debtor's 1989 tax obligation, excluding penalties and interest on penalties, is excepted from discharge under Bankruptcy Code § 523(a)(1)(B)(i) and (ii), which provides:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

. . . .

(B) with respect to which a return, if required—

(i) was not filed; or

---

1. The parties have designated December 20, 1992, as the relevant date for purposes of applying § 523(a)(1)(B)(ii). The debtor filed his Chapter 7 bankruptcy petition on December 20, 1994. Therefore, the parties have agreed that if the debtor did not file his 1989 and 1990 tax returns prior to December 20, 1992, his 1989 and 1990 tax obligations, excluding penalties and interest on penalties, are excepted from discharge pursuant to § 523(a)(1)(B)(ii).

2. The IRS concedes in its brief that the "penalties (and interest on the penalties) attributable to the 1989 and 1990 income taxes are dischargea-

ble." Br. in Supp. of Mot. for Summ.J. at 2 n. 1 (citing 11 U.S.C.A. § 523(a)(7)(B) (West 1993)).

3. The Defendant asserts in its Answer that the debtor "did not file returns for these [1989 and 1990] years," and the Defendant's Motion is based on § 523(a)(1)(B)(i). However, the Defendant's brief filed in support of its Motion seeks to except from discharge the debtor's 1989 and 1990 taxes and interest thereon under § 523(a)(1)(B)(i) and (ii). For purposes of this Memorandum, the court deems the Motion to be based on § 523(a)(1)(B)(i) and (ii).

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition....

11 U.S.C.A. § 523(a)(1)(B)(i), (ii) (West 1993). The Bankruptcy Code does not define the term "filed" as used in § 523; therefore, numerous courts rely on the Internal Revenue Code in determining when a tax return has been filed. *See, e.g., Smith v. United States (In re Smith)*, 179 B.R. 66, 68 (Bankr. N.D.Ohio 1995).

Internal Revenue Code § 7502 provides in material part:

**(a) General rule.—**

(1) **Date of delivery.**—If any return, claim, statement, or other document required to be filed ... within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, ... the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document ... is mailed shall be deemed to be the date of delivery....

....

**(c) Registered and certified mailing.—**

(1) **Registered mail.**—For purposes of this section, if any such return, claim, statement, or other document ... is sent by United States registered mail—

(A) such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed, and

(B) the date of registration shall be deemed the postmark date.

(2) **Certified mail.**—The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail.
26 U.S.C.A. § 7502(a), (c) (West 1989).

With regard to Internal Revenue Code § 7502(a) and (c), this court has previously stated in an unpublished memorandum opinion:

In interpreting § 7502, the Sixth Circuit rejects "the judicially-created presumption that material properly mailed is deemed received," and holds "that the only exceptions to the physical delivery rule for the filing of tax returns are contained in section 7502." ... According to the Sixth Circuit, the first exception, that is, § 7502(a)(1), "applies only in cases where the document is actually received by the I.R.S. after the statutory period." The second exception, § 7502(c), only applies when a document is sent by registered mail or certified mail.

*In re Brown*, Ch. 13 Case No. 94–30632, 1994 WL 871921, slip op. at 7–8 (Bankr.E.D.Tenn. Sept. 27, 1994) (citations omitted) (quoting *Surowka v. United States*, 909 F.2d 148, 150 (6th Cir.1990); *Miller v. United States*, 784 F.2d 728, 730 (6th Cir.1986)).

With regard to the first exception under § 7502, the Defendant relies on a Certificate of Assessments and Payments (Certificate) submitted with its Motion to conclusively support its contention that the debtor did not file his 1989 tax return prior to December 20, 1992, and that the IRS prepared a substitute return for the debtor which gave rise to the 1989 tax assessment. The Certificate evidences, among other things, that the IRS filed a substitute return for the debtor on April 15, 1990, and sent a "First Notice" and a "Tax Delinquent Notice" in 1994 regarding the debtor's 1989 taxes, but makes no mention of the receipt or nonreceipt of a 1989 tax return from the debtor.[4] The IRS has not

---

4. In its brief, the IRS relies on the presumption set forth by the Sixth Circuit that "[c]ertificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made." *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir.1992). The "adequacy and propriety of notices and assessments" is not at issue in this adversary proceeding. Rather, the issue centers on the accuracy of the Certificate, which does not report the receipt of the debtor's

introduced, by affidavit or otherwise, proof that after making a diligent search of IRS records it determined that it did not receive the debtor's 1989 tax return. No evidence of a records search has been presented and a Certificate of Lack of Record has not been submitted to the court in support of the Motion.

The IRS has not sufficiently proven that it did not receive the debtor's 1989 tax return for purposes of summary judgment. Therefore, the court will consider the debtor's extrinsic evidence presented in opposition to the IRS's summary judgment motion. Consideration of the debtor's extrinsic evidence is not contrary to the Sixth Circuit's decisions on this issue. The Sixth Circuit has only refused to allow a taxpayer to present extrinsic evidence other than a registered or certified mail receipt when the IRS has sufficiently proven that the documents in question were not received. *Surowka*, 909 F.2d at 149 (stating that the IRS records indicated "that the IRS did not receive a 1977 tax return … and that the IRS sent four notices from 1978 to 1980 demanding that a tax return with payment be filed"); *Miller*, 784 F.2d at 729 (stating that the IRS presented "Certificates of Lack of Record signed by the custodian of federal tax forms and related documents for the Cincinnati Service Center of the I.R.S.").

The debtor has submitted two affidavits to support his assertion that he filed his 1989 tax return prior to December 20, 1992. The first, an Affidavit of Byron D. Bryant, provides in material part that Mr. Bryant timely prepared the debtor's 1989 joint tax return and amended tax return, and that it is his "practice to prepare the tax returns and turn the tax returns over to the client for filing with a properly addressed postage paid envelope for mailing." Mr. Bryant also states through his Affidavit that he routinely advises his "clients to file their tax returns timely even if they cannot pay the tax at the time of filing." A copy of the debtor's 1989 Form 1040 and Form 1040X are appended to Mr. Bryant's Affidavit. The debtor, through his

Affidavit, states that immediately after picking up each return from Mr. Bryant's office, he went directly to the post office adjacent to Mr. Bryant's office and mailed it using the self-addressed, postage-paid envelope provided by Mr. Bryant's office. A receipt evidencing payment on April 11, 1990, by the debtor of a $170.00 fee to Mr. Bryant for preparation of the amended return is appended to the debtor's Affidavit.

For purposes of summary judgment, the IRS has not sufficiently proven that it did not receive the debtor's 1989 tax return and the debtor has presented evidence contrary to such an assertion. The affidavits presented by the debtor are sufficient to raise a genuine issue of material fact regarding the debtor's filing of his 1989 tax return. Until this factual dispute is resolved in accordance with Bankruptcy Code § 523(a)(1)(B) and Internal Revenue Code § 7502, the court cannot determine which party is entitled to judgment as a matter of law.

The Defendant's Motion for Summary Judgment will be granted in part and denied in part. An appropriate order will be entered.

### ORDER

For the reasons set forth in the Memorandum on Defendant's Motion for Summary Judgment filed this date, the court directs that the Defendant's Motion for Summary Judgment filed June 14, 1995, is granted in part and denied in part as follows:

1. To the extent the Defendant seeks to except from discharge the debtor's 1990 tax obligation, excluding penalties and interest on penalties, its Motion for Summary Judgment is GRANTED and the debtor's obligation with respect to these taxes is nondischargeable.

2. The Defendant's Motion for Summary Judgment is in all other respects DENIED.

SO ORDERED.

---

1989 tax return, and on the accuracy of the IRS's assertion that it did not receive the return. In effect, the IRS, by the information contained in the Certificate, asks the court to infer that the debtor did not file his 1989 tax return prior to December 20, 1992.