**Larry BRANSTROM, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 98–481 T.**

United States Court of Federal Claims.

May 18, 1999.

Larry Branstrom, Ypsilanti, MI, pro se.

Sheryl B. Flum, with whom were Assistant Attorney General Loretta C. Argrett, Mildred L. Seidman and David Gustafson, Washington, DC, for defendant.

## OPINION and ORDER

TURNER, Judge.

Plaintiff seeks refund of federal income taxes withheld during three separate tax years. This case stands on defendant's motion filed on September 18, 1998 to dismiss the complaint. We conclude that defendant's motion must be granted, as plaintiff has not stated a claim upon which relief can be granted.

**I**

Plaintiff seeks refunds for tax years 1987, 1991 and 1992. Plaintiff asserts that he timely filed claims for refunds for those tax years and that he timely filed this suit seeking recovery of the refunds. (The complaint initiating this case was filed on June 5, 1998.) The government asserts that plaintiff's claims for 1987 and 1991 are barred by a statute, 26 U.S.C. § 6532(a)(1), requiring that any tax refund suit be filed within two years of the mailing date of the notices of disallowance of plaintiff's claims for refund. With respect to taxable year 1992, the government argues that plaintiff's refund is limited to zero under 26 U.S.C. § 6511(b)(2)(A).

Plaintiff's original 1987 tax return, which sought refund of $809 of withheld taxes, was postmarked April 17, 1991 and was received by the Internal Revenue Service on April 19, 1991. Def. Mot. (9/18/98), Ex. 2. On July 18, 1991, the IRS mailed to plaintiff, by certified mail, a notice of disallowance for his 1987 tax year. *Id.*, Ex. 3. The notice was returned to the IRS stamped "unclaimed." Pl. Resp. (2/24/99) at 28. Plaintiff brought the instant suit seeking recovery for his 1987 tax year on June 5, 1998, more than six years after the IRS mailed the notice of disallowance.

Plaintiff's original 1991 tax return, which sought refund of $904 of withheld taxes, was postmarked April 15, 1995. Def. Mot. (9/18/98), Ex. 9, 10. The IRS received it on April 19, 1995. *Id.*, Ex. 10. On October 9, 1995, the IRS sent to plaintiff a notice of disallowance for his 1991 tax year. *Id.*, Ex. 11. The notice was sent by certified mail and was returned to the IRS stamped "unclaimed." *Id.*, Ex. 12. Plaintiff brought the instant suit seeking recovery for his 1987 tax year on June 5, 1998, more than two years after the IRS had mailed the notice of disallowance.

Plaintiff mailed his original 1992 tax return, which sought refund of $995 of withheld taxes, on April 15, 1996, and it was postmarked on that date. *Id.*, Ex. 13, 14. The IRS received the return on April 17, 1996. *Id.*, Ex. 14. Plaintiff's tax return contained his claim for refund. The IRS disallowed plaintiff's claim on June 6, 1996, and plaintiff filed suit on June 5, 1998.

## II

■ For plaintiff's tax years 1987 and 1991, this suit is barred by the statute of limitations, regardless of whether the IRS's decisions to disallow plaintiff's claims were correct. The statute of limitations for federal tax refund suits, 26 U.S.C. § 6532(a)(1), provides that "[n]o suit . . . for the recovery of any internal revenue tax . . . shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail . . . by the [IRS] to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

For plaintiff's tax years 1987 and 1991, the IRS sent, by certified mail, notices of disallowance on July 18, 1991 and October 9, 1995, respectively, more than two years prior to commencement of this case. Plaintiff's argument that certified mail does not give the taxpayer proper notice is defeated by the plain language of the controlling statute.

Because plaintiff's complaint was filed more than two years after the IRS sent notices of disallowances by certified mail, plaintiff's complaint is time-barred with respect to tax years 1987 and 1991. Therefore, plaintiff's claims for his tax years 1987 and 1991 must be dismissed for failure to state a claim upon which relief can be granted.

## III

Plaintiff is also seeking a refund for his tax year 1992. Plaintiff's original tax return for 1992, which was postmarked April 15, 1996, also serves as his claim for refund. It was received by the IRS on April 17, 1996.

■ Plaintiff can be eligible for a refund only if a timely claim for refund was filed with the IRS. *Fidelity Trust Co. v. United States*, 101 Ct.Cl. 831, 1944 WL 3702 (1944). Title 26 U.S.C. § 6511(a) provides, in pertinent part:

> Claim for credit or refund of an overpayment . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

■ Taxes withheld during the 1992 tax year are deemed paid on April 15, 1993. 26 U.S.C. § 6513(b)(1). Plaintiff's administrative claim for refund with respect to tax year 1992, although filed more than "2 years from the time the tax was paid," was timely, as it is deemed filed on April 17, 1996, the same day that the original (but delayed) 1992 tax return (which included the refund claim) was filed. Thus, the simultaneous refund claim for 1992 taxes was filed "within 3 years from the time the return was filed."

 However, 26 U.S.C. § 6511(b)(2)(A) limits the amount of plaintiff's refund to zero. It provides:

> If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), *the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years* plus the period of any extension of time for filing the return.

26 U.S.C. § 6511(b)(2)(A)(emphasis added). Any refund to which plaintiff might be entitled is limited to zero, because no portion of taxes withheld during the 1992 tax year (and deemed paid on April 15, 1993) were paid "during the 3–year period" described in section 6511(b)(2)(A), i.e., the three-year period preceding the filing of the refund claim on April 17, 1996.

Plaintiff correctly argues that if his tax return is deemed filed on April 15, 1996, then he would be eligible for a refund of $995 because the taxes would have been deemed paid during the 3-year period. A document is deemed filed with a governmental office when the document is physically delivered to the proper official. *United States v. Lombardo,* 241 U.S. 73, 76–77, 36 S.Ct. 508, 60 L.Ed. 897 (1916). For his tax return to be deemed filed on April 15, 1996, the date of its postmark, plaintiff would have to be afforded the benefit of the safe-harbor provided by 26 U.S.C. § 7502.

Section 7502 provides that a return or claim to be delivered by a prescribed date is deemed to be filed on the date of the postmark. However, a taxpayer may only get the benefit of this safe-harbor if "the postmark date falls within the prescribed period or on or before the prescribed date ... for the filing ... of the return ...." 26 U.S.C. § 7502(a)(2)(A). Plaintiff mailed his original tax return on April 15, 1996, three years to the day after it was due, and thus well beyond the April 15, 1993 prescribed date. Therefore, he cannot take advantage of the section 7502 safe-harbor, and his tax return must be deemed filed on the date that it was delivered to the IRS, to wit, April 17, 1996.

Plaintiff's claim for refund was an integral part of his 1992 tax return. Common-sense dictates that his claim for refund cannot be deemed filed before the tax return which contained the claim. *Becker v. Department of Treasury,* 823 F.Supp. 231, 233 (S.D.N.Y. 1993). The quoted statutes clearly mandate that plaintiff's 1992 tax return may not be deemed to have been filed before April 17, 1996; therefore, his claim for refund is also considered filed on April 17, 1996. Consequently, 26 U.S.C. § 6511(b)(2)(A) dictates that any allowable refund is limited to zero, because the amount for which plaintiff seeks a refund was paid more than three years prior to his filing of the claim.

## IV

Based on the foregoing, defendant's motion filed on September 18, 1998 to dismiss is GRANTED.

Accordingly, it is ORDERED that judgment shall be entered in favor of defendant dismissing the complaint for failure to state a claim upon which relief can be granted. Each party shall bear its own costs.